UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANNAH M. RAY,

           Plaintiff,

v.                                  Case No.: **8:24-CV-02200**

CITY OF CLEARWATER; and SCOTT
YEATES

           Defendants.

_____/

## **DEFENDANTS' MOTION TO DISMISS COMPLAINT AND INCORPORATED LEGAL MEMORANDUM**

Defendants City of Clearwater and Scott Yeates (individually, "the City" and "Officer Yeates," and collectively, "the Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), move the Court to dismiss the complaint (Doc. 1-1; cited as "Compl.") filed by Hannah M. Ray ("Ray") because: 1) Count IV renders the entire complaint a shotgun pleading; 2) the federal counts fail to state a claim against Officer Yeates; and 3) the state counts fail to state a claim against the Defendants.

## **Procedural History**

Ray initiated this action in state court on September 5, 2024. (Doc. 1-1). The Defendants were served with process on September 12, 2024. (Doc. 1-3, pp. 6-10). The Defendants removed on federal question grounds on September 18, 2024. (Doc. 1). They were granted until October 17, 2024 to respond to the complaint. (Doc. 4).

The Defendants timely respond.

1

**Factual Background**

Ray's claims are summarized as:

| COUNT | COA |
|---|---|
| I (Compl., ¶¶ 30-34) | State law false arrest action against the City |
| II (Compl., ¶¶ 35-39) | Section 1983 Fourth Amendment false arrest action against Officer Yeates |
| III (Compl., ¶¶ 40-49) | State law intentional infliction of emotional distress action against Officer Yeates |
| IV (Compl., ¶¶ 50-64) | State law intentional infliction of emotional distress against "unknown defendants" |
| V (Compl., ¶¶ 65-73) | Section 1983 Fourteenth Amendment false arrest action against Officer Yeates |

The title and commencement paragraph of Count IV is directed towards "unknown defendants." (Compl., p. 15). But Count IV does not contain a specific description of who the alleged "unknown defendants" are such that the use of the term is surplusage. Additionally, the body of the count indicates the claim is directed towards the City. (Compl., ¶¶ 62-64). This comports with the caption and commencement paragraph of the complaint, which indicates that the only defendants are the City and Officer Yeates. (Compl., p. 1). Finally, Count IV fails to specify which acts the "unknown defendants" are responsible for and which acts the City is responsible for.

In any event, Ray complains that Officer Yeates falsely arrested her for DUI manslaughter on December 4, 2022. (Compl., ¶ 6). Ray had struck and killed a motorcyclist at approximately 12:25 a.m. while making a left-hand turn at the intersection of U.S. Highway 19 and Gulf-to-Bay Boulevard. (Compl., ¶¶ 15-17). The motorcyclist was traveling eastbound on Gulf-to-Bay Boulevard when Ray made

the turn and killed him. (Compl., ¶ 17). Orange cones were placed between the left turn lane and the through lanes, and a sign reading "Detour U.S. 19 South" was posted at the intersection. (Compl., ¶¶ 13-14). Ray suggests that the left turn she made was illegal. (Compl., ¶ 29(g)).

The state law false arrest count against the City alleges that the arrest was made without "probable cause." (Compl., ¶ 31). The same is true for Ray's section 1983 Fourth Amendment false arrest count against Officer Yeates. (Compl., ¶ 37). There is no allegation in either count that the arrest was made without <u>arguable</u> probable cause.

While Ray's section 1983 Fourteenth Amendment claim alleges that Officer Yeates "falsified facts" about Ray, (Compl., ¶¶ 69-70), all that count says is that those "falsified facts" were then used to arrest Ray. (Compl., ¶ 71). In other words, Ray's section 1983 Fourteenth Amendment claim is grounded in a false arrest claim and therefore duplicative of her section 1983 Fourth Amendment claim.

Finally, Ray twice alleges that Officer Yeates was acting within the course and scope of his employment with the City when the arrest occurred. (Compl., ¶¶ 4, 25). Those allegations were incorporated by reference into Ray's intentional infliction of emotional distress count against Officer Yeates. (Compl., ¶ 40).

## **Legal Standard**

To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While the court must accept well-pleaded factual allegations as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555 (citations omitted). Additionally, a claim is plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## <u>Summary of Argument</u>

Count IV turns the complaint into a shotgun pleading for three reasons. ***First***, the use of "unknown" or "John Doe" defendants is prohibited in federal court. ***Second***, Count IV fails to separate into a different count each claim for relief. ***Third***, Count IV asserts multiple claims against multiple defendants without specifying which defendants are responsible for which actions.

Neither of the federal counts state a claim. ***First***, Ray's section 1983 Fourth Amendment count fails because it does not allege that Officer Yeates lacked arguable probable cause for her DUI arrest. And even if it had, Officer Yeates had arguable probable cause to arrest her for an independent charge. ***Second***, Ray's section 1983 Fourteenth Amendment count is duplicative of her section 1983 Fourth Amendment count. It is the Fourth Amendment's prohibition against unreasonable seizures, and not the Fourteenth Amendment's substantive due process clause, which governs claims of pretrial deprivations of liberty.

Nor do any of the state law counts state a claim. ***First***, Ray's false arrest count against the City fails because Officer Yeates had arguable probable cause to effectuate Ray's arrest. ***Second***, Officer Yeates is sovereign immune from Ray's intentional infliction emotional distress count because he was acting within the course and scope of his job and did not exhibit wanton and willful disregard for Ray's rights, safety, or property. ***Third***, the City is sovereign immune from all claims of intentional infliction of emotional distress as a matter of law. Therefore, the Court should dismiss the complaint.

## Argument

### I.    Count IV renders the complaint a shotgun pleading.

Count IV of the complaint is a shotgun pleading and therefore Ray's pleading is deficient on its face. The Eleventh Circuit has identified four types of shotgun pleadings, "[t]he unifying characteristic of all…is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The third type of shotgun pleading commits the "sin" of not separating into a different count each cause of action or claim for relief. *Id.* at 1322-133. The fourth type of shotgun pleading commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Here, the title and commencement paragraph of Count IV indicates that the count is directed towards "unknown defendants," (Compl., p. 15). "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F. 3d 734, 738 (11th Cir. 2010). The Eleventh Circuit does recognize a "limited exception to this rule" where "the plaintiff's description of the defendant is so specific" that the use of the name "unknown defendant" is "'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F. 2d 1210, 1215-16 (11th Cir. 1992)). Thus, in *Dean*, the Eleventh Circuit found that the exception applied where the pro se plaintiff provided a description of a John Doe defendant

that "was sufficiently clear to allow service of process" on the correct individual. *See Dean*, 951 F. 2d at 1216.

This is not the case here. The title and commencement paragraph of Count IV is simply directed towards "unknown defendants." (Compl., p. 15). Further, Count IV does not contain a specific description of who the alleged "unknown defendants" are such that the use of the term is surplusage. Ray's description of the "unknown defendants" is not clear at all, much less so clear that service of process on those defendants could be effectuated.

Even if Ray could effectuate service on the "unknown defendants" she would have another problem—the body of the count indicates that the claim is actually directed towards the City. (Compl., ¶¶ 62-64). This would make sense since the caption and commencement paragraph of the complaint indicate that the only defendants are the City and Officer Yeates. (Compl., p. 1). But if Ray meant to sue both the City and the "unknown defendants," Count IV fails to specify which acts the "unknown defendants" are responsible for and which acts the City is responsible for.

The complaint is therefore a shotgun pleading because it commits both the third and fourth sins referenced in *Weiland*. It gives the Defendants no real notice of the claims asserted against them and should be dismissed. *See Jackson v. Bank of America, NA*, 898 F. 3d 1348, 1357 (11th Cir. 2018) (condemning shotgun pleadings because "[i]n ruling on the sufficiency of the Jacksons' sixteen claims, the Magistrate Judge was put in the position of serving as the Jacksons' lawyer in

rewriting the complaint into an intelligible document a competent lawyer would have written.").

## II.    The federal counts fail to state a claim against Officer Yeates.

### A. The section 1983 Fourth Amendment count fails to state a claim because there is no allegation that Officer Yeates lacked arguable probable cause.

"An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville*, Ala., 608 F. 3d 724, 734 (11th Cir. 2010); *see also Myers v. Bowman*, 713 F. 3d 1319, 1326 (11th Cir. 2013) (citations omitted) ("The existence of probable cause at the time of the arrest [] constitutes an absolute bar to a section 1983 claim for false arrest."). In the Eleventh Circuit, "arguable" probable cause is all that is needed to satisfy the probable-cause requirement. *See Swint v. City of Wadley*, Ala., 51 F. 3d 988, 996 (11th Cir. 1995). "Arguable probable cause" exists if "reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed." *Von Stein v. Brescher*, 904 F. 2d 572, 579 (11th Cir. 1990).

Here, there is no allegation that Officer Yeates lacked arguable probable cause in Ray's section 1983 Fourth Amendment count. Instead, she alleged that Officer Yeates lacked actual probable cause to effectuate her arrest for DUI manslaughter. (Compl., ¶ 37). This is the incorrect standard and therefore Count II fails to state a claim.

Even if Ray had included sufficient facts to plausibly allege that Officer Yeates lacked arguable probable cause to arrest her for DUI manslaughter, this would still not end the inquiry. "If the arresting officer had arguable probable cause to arrest for any offense, qualified immunity will apply." *Brown*, 608 F.3d at 735. "Moreover, even if the officers were mistaken about whether there was probable cause for [one] charge...in the Eleventh Circuit an arrest made for an incorrect charge is not illegal if the officer had probable cause to arrest for an independent charge." *Epstein v. Toys-R-Us Delaware, Inc.*, 277 F. Supp. 2d 1266, 1274 (S.D. Fla. 2003), *aff'd sub nom. Epstein v. Toys-R-Us Delaware*, 116 F. App'x 241 (11th Cir. 2004). In *Epstein*, police officers arrested the plaintiff for disorderly conduct in violation of § 509.143, Fla. Stat. *Id.* at 1270. The Southern District found that even if the arresting officers lacked probable cause for the disorderly conduct charge, they had probable cause to arrest the plaintiff for the independent crime of trespass. *Id.* at 1274.

Ray struck and killed a motorcyclist at approximately 12:25 a.m. while making a left-hand turn at the intersection of U.S. Highway 19 and Gulf-to-Bay Boulevard. (Compl., ¶¶ 15-17). The motorcyclist was traveling eastbound on Gulf-to-Bay Boulevard when Ray made the turn and killed him. (Compl., ¶ 17). Orange cones were placed between the left turn lane and the through lanes, and a sign reading "Detour U.S. 19 South" was posted at the intersection. (Compl., ¶¶ 13-14). Ray herself suggests that the left turn she made was illegal. (Compl., ¶ 29(g)).

9

Therefore, Officer Yeates had arguable probable cause to arrest Ray for the independent charge of vehicular homicide. *See* § 782.071, Fla. Stat. That crime is defined as "the killing of a human being…caused by operation of a motor vehicle by another in a reckless manner likely to cause the death of…another." *Id*. So, even if Officer Yeates was mistaken about whether there was arguable probable cause for the DUI manslaughter arrest, the arrest was not illegal since Officer Yeates had arguable probable cause for the independent charge of vehicular homicide.

Since the complaint fails to allege that Officer Yeates lacked arguable probable cause for Ray's DUI manslaughter arrest, and because Officer Yeates had at least arguable probable cause to arrest Ray for vehicular homicide, Count II fails to state a claim and should be dismissed with prejudice.

### B. The section 1983 Fourteenth Amendment count is duplicative of the Fourth Amendment count.

Ray's section 1983 Fourteenth Amendment claim alleges that Officer Yeates "falsified facts" about Ray. (Compl., ¶¶ 69-70). However, all the count goes on to say is that those "falsified facts" were then used to arrest Ray. (Compl., ¶ 71).

In other words, Ray's section 1983 Fourteenth Amendment claim is grounded in a false arrest claim and therefore duplicative of her section 1983 Fourth Amendment claim. Duplicative counts should be dismissed. *See Braddy v. Infinity Assurance Ins. Co.*, 2016 WL 1446202, at * 1 (M.D. Fla. Apr. 11, 2016) ("To promote judicial economy, a court should dismiss claims that are duplicative of other claims.") (citations omitted); *see also Freedom Mortg. Corp v. Burnham*

*Mortg., Inc.*, 720 F. Supp. 2d 978, 992 (N.D. Ill. 2010) ("It is well-settled that duplicative counts in a complaint may be properly dismissed."); *City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 7 n. 7 (D.D.C. 2008) ("[O]ffering a duplicative amendment can be grounds for denying leave to amend.").

The first task in a federal claim for money damages is "to isolate the precise constitutional violation with which [the defendant] is charged." *Baker v. McCollan*, 443 U.S. 137, 140 (1979). "If an Amendment provides an explicit textual source of constitutional protection against the sort of conduct complained of, then that Amendment—not the more generalized notion of substantive due process under the Fourteenth Amendment—is the guide for analyzing the claim." *Jordan v. Mosley*, 298 F. App'x 803, 805 (11th Cir. 2008).

Here, although the legal basis advanced for Count V is a violation of Fourteenth Amendment's due process clause (Compl., ¶ 67), claims of pretrial deprivations of liberty are addressed in the Fourth Amendment, which provides the explicit textual source for protection of these rights. *See Albright v. Oliver*, 510 U.S. 266, 273-74 (1994); *Wood v. Kesler*, 323 F. 3d 872, 881-82 (11th Cir. 2003) (holding that malicious prosecution is a violation of the Fourth Amendment, as malicious prosecution arises out of the Fourth Amendment right to be free from unreasonable seizures); *Whiting v. Traylor*, 85 F.3d 581, 586 (11th Cir. 1996) ("A section 1983 plaintiff must always base his claim on the violation of a specific federal right."); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (claim of excessive force to effect arrest analyzed under a Fourth Amendment standard).

Interestingly, Ray cites—amongst other cases—to the Eleventh Circuit's decision in *Riley v. City of Montgomery*, 103 F. 3d 1247 (11th Cir. 1997) for the proposition that falsifying police reports is a Fourteenth Amendment violation. (Compl., ¶ 67). But that case dealt with two alleged <u>Fourth</u> Amendment violations. *Id.* at 1249.

Since Count V is duplicative of Count II—and because it is the Fourth Amendment's prohibition against unreasonable seizures and not the Fourteenth Amendment's due process clause which governs pretrial detentions—Count V fails to state a claim and should be dismissed with prejudice.

### III.   The state counts fail to state a claim against the Defendants.

#### A. The false arrest count fails to state a claim for the same reason the section 1983 Fourth Amendment count does.

As under federal law, the existence of probable cause bars a claim under Florida law for false arrest and false imprisonment. *See Von Stein*, 904 F. 2d at 584 n. 19 (11th Cir.1990) (noting that, in Florida, existence of probable cause disposes of, *inter alia*, state law claim for false arrest); *Mas v. Metro. Dade County*, 775 So. 2d 1010, 1011 (Fla. Dist. Ct. 2001) ("[P]robable cause is a complete bar to an action for false arrest and false imprisonment."). Here, Officer Yeates had at least arguable probable cause to arrest Ray for vehicular homicide. Since he had that, the City cannot be held liable under a state-law theory of false arrest.

**B. Officer Yeates is sovereign immune from the intentional infliction of emotional distress claim asserted against him.**

Florida Statute section 768.28(9)(a) provides that officers, employees, and agents of a state may only be sued personally if they "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."[1] *See also Diversified Numismatics, Inc. v. City of Orlando*, 783 F. Supp. 1337, 1347 (MD Fla. 1990) (granting summary judgment to mayor and police chief where no evidence of "bad faith in promulgation of alleged enforcement of amended ordinance."). Therefore, "in Florida, police officers are immune from suit unless they acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Brivik v. Law*, 545 Fed. Appx. 804, 807 (11th Cir. 2013).

So, the issue turns on whether, assuming they are true, the allegations of Count III allege that Officer Yeates acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. They do not.

For one thing, Ray twice alleges that Officer Yeates was acting within the course and scope of his employment with the City when the arrest occurred. (Compl., ¶¶ 4, 25). Those allegations were incorporated by reference into Ray's intentional inflicition of emotional distress count against Officer Yeates. (Compl., ¶

---

[1] Municipalities such as the City are considered a state agency or subdivision for purposes of the statute. *See* § 768.28(2), Fla. Stat.

40). And making arrests for violations of Florida law is within the course and scope of Officer Yeates' employment as a police officer. *See Hill v. Dekalb Reg'l Youth Detention Ctr.*, 40 F. 3d 1176, 1185 n. 17 (11th Cir. 1994) ("A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority."); *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir.2002) (finding that an officer was acting within his discretionary capacity when he decided to arrest the plaintiff.).

Secondly, to establish intentional infliction of emotional distress, a plaintiff must plead and prove: "1) deliberate or reckless infliction of mental suffering; 2) by outrageous conduct; 3) which conduct must have caused the suffering; and 4) the suffering must have been severe." *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990). "Outrageous conduct is conduct which is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* "While being subject to false arrest is embarrassing, it is not sufficiently extreme and outrageous absent some other grievous conduct." *Holmes v. City of Clearwater*, 2024 WL 775210, at * 9 (M.D. Fla. Feb. 26, 2024) (citations omitted).

But there is no other "grievous conduct" at issue here other than Ray's alleged false arrest. Therefore, Officer Yeates is entitled to state law immunity under section 768.28(9)(a).

**C. The City is sovereign immune from the intentional infliction of emotional distress claim asserted against it.**

Both federal and state law are clear that state agencies retain immunity for acts or omissions of its employees that are committed in "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28(9)(a), Fla. Stat.; *Boggess v. Sch. Bd. of Sarasota County*, 2008 WL 564641, at * 5 (M.D. Fla. Feb. 29, 2008); *Rudloe v. Karl*, 899 So. 2d 1161, 1164 n.2 (Fla. Dist. Ct. 2005). As such, it is black letter law that "[i]n any given situation either the agency can be held liable under Florida law, or the employee, but not both." *McGhee v. Volusia County*, 679 So. 2d 729, 733 (Fla. 1996).

This sovereign immunity attaches even where "malice" is not an element of the claim if the plaintiff pleads that the municipal employees acted maliciously or with willful disregard for human rights. *Bakri v. City of Daytona Beach*, 2009 WL 1587165, at * 1 (M.D. Fla. June 5, 2009); *Willis v. Dade County Sch. Bd.*, 411 So. 2d 245, 246 (Fla. Dist. Ct. 1982 ) ("We find no error in the determination of the trial court with respect to Count I that a complaint which alleges a 'malicious' assault and battery fails to state a cause of action pursuant to Section 728.28 Florida Statutes."); *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1394 (S.D. Fla. 2008) (citing *Willis* and dismissing a false arrest count against the city where the plaintiff alleged that acts were committed willfully, wantonly, and with malice); *Rudloe*, 899 So. 2d at 1164 n.2; *cf. Richardson v. City of Pompano Beach*, 511 So.

2d 1121 (Fla. Dist. Ct. App. 1987) (sovereign not immunized from mere intentional torts).

Consequently, in Florida, a state agency is not liable in tort where the individual employee was acting in bad faith, or with a malicious purpose, or in a manner exhibiting willful disregard for human rights. *Tepper v. Canizaro*, 2005 WL 2484644, at * 9 (M.D. Fla. Oct. 7, 2005). Most importantly, Florida's sovereign immunity statute bars a claim against the State or its agencies for intentional infliction of emotional distress. *See Weiland*, 792 F. 3d at 1330 ("Florida courts have long recognized that Fla. Stat. § 768.28(9)(a)...bars claims for...intentional infliction of emotional distress..."). The City is therefore sovereign immune from the intentional infliction of emotional distress claim.[2]

* * * *

Because Ray's state law counts fail to state a claim, Counts I and III-IV of the complaint should be dismissed with prejudice. However, since the federal counts should be dismissed with prejudice, the Court would be left with only supplemental jurisdiction over the attendant state law counts. *Eubanks v. Gerwen*, 40 F. 3d 1157, 1161-62 (11th Cir. 1994). The Court may then dismiss Counts I and III-IV without prejudice to Ray's right to pursue them in state court. *Id.*

---

[2] This, of course, assumes that Ray meant to assert Count IV only against the City and not the "unknown defendants" who cannot be served with process. On the other hand, if Ray meant to sue those "unknown defendants" then Count IV should be dismissed with prejudice because fictious-party pleading is prohibited in federal court as argued in Argument Part I, *supra*.

16

## Conclusion

WHEREFORE, the Defendants respectfully requests that the Court dismiss all counts of the complaint.

s/Michael Fuino
MICHAEL FUINO/ FBN: 84191
Senior Assistant City Attorney
ATTORNEY FOR DEFENDANTS

## Local Rule 3.01(g) Certification

**I HEREBY CERTIFY** that on October 17, 2024 I attempted to confer with the Plaintiff's attorney, W. Thomas Wadley, regarding the contents of this motion but was unable to obtain a response. The attempted conferral was done through electronic message with a draft of this motion attached for Mr. Wadley's review.

s/Michael Fuino
MICHAEL FUINO/ FBN: 84191
Senior Assistant City Attorney
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 17, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notice to the following:

W. Thomas Wadley (Counsel for the Plaintiff)