UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANNAH MEREDITH RAY,

    Plaintiff,

v.

                                                    Case No.: 8:24-cv-02200-JLB-AEP

CITY OF CLEARWATER, and SCOTT
YEATES,

    Defendants.
_____/

## ORDER

This case arises from what Plaintiff Hannah Meredith Ray ("Plaintiff") alleges was a false arrest. (*See generally* Doc. 1-1). Plaintiff originally sued the City of Clearwater ("the City") and Scott Yeates ("Officer Yeates") (collectively, "Defendants") in state court, and Defendants promptly removed the action to federal court pursuant to 28 U.S.C. § 1441(a) and (c). (*See* Doc. 1). Plaintiff brings five claims: false arrest against the City (Count I); a section 1983 claim alleging breach of the Fourth Amendment against Officer Yeates (Count II); intentional infliction of emotional distress against Officer Yeates (Count III); intentional infliction of emotional distress against unknown defendants (Count IV); and a section 1983 claim alleging breach of the Fourteenth Amendment against Officer Yeates (Count V). (Doc. 1-1). Defendants filed a timely Motion to Dismiss. (Doc. 5). Specifically, Defendants argue that this case should be dismissed because Plaintiff's

complaint constitutes a shotgun pleading.[1]  (*Id.*).  For the reasons stated herein, Defendant's Motion to Dismiss is due to be **GRANTED in part and DENIED in part**.

## BACKGROUND[2]

On December 4, 2022, Officer Yeates arrested Plaintiff for DUI manslaughter.  (Doc. 1-1 at ¶ 6).  Plaintiff, a resident of Pinellas County, had driven home from Tampa early that morning.  (*Id.* at ¶¶ 2, 13).  At approximately 12:25 A.M., she made a left-hand turn onto a closed road at the intersection of U.S. Highway 19 and Gulf-to-Bay Boulevard.  (*Id.* at ¶ 15–18).  In the course of this turn, she collided with a motorcyclist, Jeffrey Conner ("Mr. Conner").  (*Id.* at ¶ 18).  Mr. Conner died as a result of injuries sustained in this collision.  (*Id.*).

Officers and first-responder medical personnel arrived at the scene of the collision within minutes. (*Id.* at ¶ 19).  Paramedics assessing Plaintiff determined that no EtOH (ethanol) was suspected in her system.  (Doc. 1-1 at ¶ 19). Approximately one hour after the collision, Plaintiff was asked to perform field

---

[1] Defendants argue in the alternative that Plaintiff's Complaint should be dismissed for failure to state a claim.  (Doc. 5 at 8–16).  Because this Court finds that Plaintiff's Complaint is an impermissible shotgun pleading, the Court does not reach the merits of Defendants' arguments for dismissal.  *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . This is so even when the other party does not move to strike the pleading.").

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited Plaintiff's Complaint (Doc. 1-1).

sobriety exercises. (*Id.* at ¶¶ 20, 22). The Clearwater Police Department videotaped the field sobriety exercises, and the video recordings show that Plaintiff was not staggering, stumbling, swaying, demonstrating any loss of balance, or demonstrating any issues with her speech. (*Id.*). Despite this, Plaintiff was placed in handcuffs and arrested for DUI manslaughter. (*Id.* at ¶ 24).

Plaintiff later discovered that an officer at the scene of the collision, Officer Yeates, included two observations in his report that were egregiously false. (*Id.* at ¶ 21). First, Officer Yeates reported that Plaintiff's eyes were "bloodshot" and "glassy." (*Id.*). Plaintiff was photographed extensively at the scene of the collision before her arrest, and her eyes are clear in every photograph. (Doc. 1-1 at ¶ 21). Second, Officer Yeates reported that Plaintiff's speech was mumbled. (*Id.*). Multiple police body-worn cameras recorded Plaintiff from 12:25 A.M., when officers arrived at the scene of the collision, to 5:39 A.M., when Plaintiff was handcuffed and escorted into the back of a police vehicle. (*Id.*). These recordings span over four hours of footage, and Plaintiff's speech is not slurred, mumbled, or garbled at any point. (*Id.*). Plaintiff also later discovered that Mr. Conner had an extensive criminal record that included several criminal traffic offenses related to drugs and alcohol. (*Id.* at ¶¶ 28, 29(s)).

Plaintiff had consented to two blood draws for testing purposes shortly after her arrest. (*Id.* at ¶ 24). The blood draws eventually established that Plaintiff had no drugs or alcohol in her system when the collision took place. (Doc. 1-1 at ¶ 53). Instead, Mr. Conner's toxicology report revealed that he had a blood alcohol level of

0.214%. (*Id.*). After receiving these toxicology results, the State Attorney for the Sixth Judicial Circuit in Pinellas County dismissed the DUI manslaughter charge against Plaintiff. (*Id.* at ¶ 54).

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Reasonable inferences from the factual allegations in a complaint are to be construed in the light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four rough types of categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding

> counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted).

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

A district court may "dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). But Federal Rule of Civil Procedure 15(a) "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). The policy of Rule 15(a) "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Id.* at 598; *see also Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."). Thus, the proper remedy for a shotgun pleading is to strike the offending pleading and instruct counsel to replead the case. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("[I]n a case in which a party, plaintiff or defendant,

files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . This is so even when the other party does not move to strike the pleading.") (internal quotation marks omitted).

## DISCUSSION

Defendants argue that Plaintiff's Complaint is a shotgun pleading. (Doc. 5 at 6–8). Count IV, for example, is an intentional infliction of emotional distress claim brought against "any unknown [d]efendant or [d]efendant(s) employed by . . . [the City]." (Doc. 1-1 at 15–20). Plaintiff alleges that an unknown individual (or unknown individuals) employed by the Clearwater Police Department posted a mugshot of Plaintiff on the Clearwater Police Department's Twitter account shortly after her arrest with a caption stating, "Clearwater woman charged with DUI Manslaughter after she causes crash that killed a motorcyclist." (*Id.* at ¶ 52). The post remained on the City of Clearwater's Twitter account until June 13, 2023—six months after the Pinellas County State Attorney's Office dropped its charges against Plaintiff. (*Id.* at ¶ 56). The Clearwater Police Department never issued a correction of its post. (*Id.* at ¶ 57–58). The Clearwater Police Department's social media post inspired and resulted in numerous other posts from other sources. (*Id.* at ¶ 59). These posts exposed Plaintiff to public ridicule, contempt, and degradation across a wide audience.[3] (*Id.* at ¶ 60–61). But Plaintiff acknowledges within Count

---

[3] For example, one post received over 422,000 views and over 5,000 comments before it was removed. (Doc. 1-1 at ¶ 60–61). Plaintiff linked to sixteen such posts in her Complaint. (*Id.* at ¶ 59).

6

IV that "[t]he name(s) of the individual(s) responsible for posting/publishing anything related to [Plaintiff] . . . is unknown at the present time[,] and reasonable inquiry has been unsuccessful at revealing the identity of such person or person(s)." (Doc. 1-1 at ¶ 51).

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit has permitted claims against unknown defendants "only when use of a 'John Doe' label is, 'at the very worst, surplusage' because the plaintiff's description of the defendant is 'sufficiently clear to allow service of process.'" *Vielma v. Gruler*, 808 Fed. App'x 872, 880 (11th Cir. 2020) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 & n.6 (11th Cir. 1992) (holding that the district court abused its discretion in denying a *pro se* plaintiff's motion to add as a defendant the "Chief Deputy of the Jefferson County Jail John Doe" because the description enabled service of process)). That is not the case here. Plaintiff's description of the defendant(s) to this claim is limited to an allegation that they work for the City of Clearwater Police Department. (*See* Doc. 1-1 at 15). Plaintiff is not even certain if she seeks to sue one or multiple defendants for this claim. (*See id.*).

Courts in this district consistently dismiss shotgun pleadings that fail to "adequately specify which Defendants are responsible for which actions." *Minott v. City of Fort Myers*, No. 2:23-CV-20-JLB-NPM, 2024 WL 1140890, at *3 (M.D. Fla. Mar. 15, 2024); *Wood v. Fla.*, No. 8:22-CV-66-JLB-JSS, 2022 WL 1470348, at *4 (M.D. Fla. May 10, 2022); *Johnson v. Landsman*, No. 8:21-CV-2704-JLB-TGW, 2022

7

WL 1470320, at *3 (M.D. Fla. May 10, 2022).  Plaintiff's Complaint does not describe the unknown defendant(s) with nearly enough particularity to effectuate service, and it does not adequately specify which defendant(s) are responsible for which actions.  (*See* Doc. 1-1 at 15–19).  As such, Plaintiff's Complaint is an impermissible shotgun pleading.  *See Richardson*, 598 F.3d at 738 (holding that the case did not fall within *Dean*'s "limited exception" to the rule against fictitious-party pleading because the description of the Doe defendant was insufficient to enable service); *see Weiland*, 792 F.3d at 1318 n.4 (noting that, because fictitious-party pleading is improper, "John Doe Deputies" were not proper defendants for an excessive-force claim).  Accordingly, Defendants' Motion to Dismiss (Doc. 5) is **GRANTED in part and DENIED in part**.  *See Jackson*, 898 F.3d at 1357–58 ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . This is so even when the other party does not move to strike the pleading.").

*- Remainder of page intentionally left blank -*

## CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 5) is **GRANTED in part and DENIED in part**.

2. The Clerk of Court is **DIRECTED** to **STRIKE** Plaintiff's Complaint (Doc. 1-1).

3. Plaintiff is afforded leave to file an amended complaint if she does so by July 17, 2025.  Any amended complaint shall comply with both the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.

**ORDERED** at Tampa, Florida on June 3, 2025.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE